# INTERIOR CONSTRUCTION AND IMPROVEMENT COMPANY *v.* GIBNEY.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.

No. 99. Argued December 6, 1895. — Decided December 16, 1895.

Where the record shows that the only matter tried and decided in the Circuit Court was a demurrer to a plea to the jurisdiction, and the petition upon which the writ of error was allowed asked only for the review of the judgment that the court had no jurisdiction of the action, the question of jurisdiction alone is sufficiently certified to this court, as required by the act of March 3, 1891, c. 517, § 5.

Under the act of March 3, 1887, c. 373, as corrected by the act of August 13, 1888, c. 866, a defendant, who enters a general appearance, in an action between citizens of different States, thereby waives the right afterwards to object that he or another defendant is not an inhabitant of the district in which the action is brought.

THIS was an action at law, brought June 9, 1890, in the Circuit Court of the United States for the District of Indiana, by the Interior Construction and Improvement Company against John C. Gibney and Harvey Bartley, copartners under the name of J. C. Gibney and Company, and James B. McElwaine and James B. Wheeler, upon a bond, by which "J. C. Gibney & Co., as principals, and J. B. McElwaine and J. B. Wheeler, as sureties, are holden and firmly bound,"

jointly and severally, to the plaintiff, in the sum of $20,000, for the performance of a contract made by "said J. C. Gibney & Co." with the plaintiff.

The complaint alleged that the plaintiff was incorporated under the laws of the State of New Jersey, and was a citizen thereof; and that all the defendants were citizens and residents of the State of Indiana.

On June 19, 1890, the defendants Gibney, McElwaine and Wheeler, by their attorney, entered a general appearance. But Gibney never pleaded or answered; and the defendant Bartley never appeared, or made any defence.

On September 19, 1891, McElwaine and Wheeler pleaded in abatement that at the time of the bringing of this action, and ever since, Gibney and Bartley were citizens of the State of Pennsylvania, and not citizens or residents of the State of Indiana; and that, therefore, the court had no jurisdiction of the case.

The plaintiff demurred to this plea, as not containing facts sufficient to constitute a cause for the abatement of the action. The plaintiff declining to plead further, but electing to stand upon its demurrer to the plea, the court adjudged that the plaintiff take nothing by its action, and that the defendant recover costs.

The plaintiff thereupon presented a petition for the allowance of a writ of error "for the review of the judgment heretofore rendered therein in favor of the defendants and against the plaintiff, therein holding and deciding that this court has no jurisdiction of said action;" and assigned, as errors, that the Circuit Court erred, 1st, in overruling the plaintiff's demurrer to the plea in abatement; 2d, in sustaining the plea in abatement, and holding that the court had no jurisdiction of the cause; 3d, in entering judgment in favor of the defendants and against the plaintiff on the plea in abatement, and dismissing and quashing the proceedings. The writ of error was thereupon allowed by the judge presiding in the Circuit Court.

*Mr. John C. Donnelly* for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

The record shows that the only matter tried and decided in the Circuit Court was a demurrer to the plea to the jurisdiction; and the petition, upon which the writ of error was allowed, asked only for the review of the judgment that the court had no jurisdiction of the action. The question of jurisdiction alone is thus sufficiently certified to this court, as required by the act of March 3, 1891, c. 517, § 5. 26 Stat. 828; *In re Lehigh Co.*, 156 U. S. 322; *Shields* v. *Coleman*, 157 U. S. 168.

The act of March 3, 1887, c. 373, as corrected by the act of August 13, 1888, c. 866, confers upon the Circuit Courts of the United States original jurisdiction of all civil actions, at common law or in equity, between citizens of different States, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2000; and provides that "where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." 24 Stat. 552; 25 Stat. 433.

The Circuit Courts of the United States are thus vested with general jurisdiction of civil actions, involving the requisite pecuniary value, between citizens of different States. Diversity of citizenship is a condition of jurisdiction, and, when that does not appear upon the record, the court, of its own motion, will order the action to be dismissed. But the provision as to the particular district in which the action shall be brought does not touch the general jurisdiction of the court, over such a cause between such parties; but affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which the defendant may insist upon, or may waive, at his election.; and the defendant's right to object that an action, within the general jurisdiction of the court, is brought in the wrong district, is waived

by entering a general appearance, without taking the objection. *Gracie* v. *Palmer*, 8 Wheat. 699; *Toland* v. *Sprague*, 12 Pet. 300, 330; *Ex parte Schollenberger*, 96 U. S. 369, 378; *St. Louis & San Francisco Railway* v. *McBride*, 141 U. S. 127; *Southern Pacific Co.* v. *Denton*, 146 U. S. 202, 206; *Texas & Pacific Railway* v. *Saunders*, 151 U. S. 105; *Central Trust Co.* v. *McGeorge*, 151 U. S. 129; *Southern Express Co.* v. *Todd*, 12 U. S. App. 351.

In *Smith* v. *Lyon*, 133 U. S. 315, this court held that the provision of the act of 1888, as to the district in which a suit between citizens of different States should be brought, required such a suit, in which there was more than one plaintiff or more than one defendant, to be brought in the district in which all the plaintiffs, or all the defendants, were inhabitants.

When there are several defendants, some of whom are, and some of whom are not, inhabitants of the district in which the suit is brought, the question whether those defendants who are inhabitants of the district may take the objection, if the non-resident defendants have not appeared in the suit, has never been decided by this court. Strong reasons might be given for holding that, especially where, as in this case, an action is brought against the principals and sureties on a bond, and one of the principals is a non-resident and does not appear, the defendants who do come in may object, at the proper stage of the proceedings, to being compelled to answer the suit.

But in the present case it is unnecessary to decide that question, because one of the principals and both sureties, being all the defendants who pleaded to the jurisdiction, had entered a general appearance long before they took the objection that the sureties were citizens of another district. Defendants who have appeared generally in the action cannot even object that they were themselves inhabitants of another district, and, of course, cannot object that others of the defendants were such.

*Judgment reversed, and case remanded with directions to sustain the demurrer to the plea, and for further proceedings not inconsistent with this opinion.*