ELKHART NAT. BANK OF ELKHART, IND., v. NORTHWESTERN
GUARANTY LOAN CO. OF MINNEAPOLIS, MINN., et al.

(Circuit Court, E. D. Pennsylvania. December 10, 1897.)

No. 33.

1. PARTIES—WHO NECESSARY IN SUIT TO ENFORCE INDIVIDUAL LIABILITY OF
   STOCKHOLDERS.
   To a bill by a creditor of a corporation averring its insolvency, and de-
   manding the appointment of a receiver, an accounting, and the enforcement
   of the individual liability of the stockholders, the corporation is a necessary
   party defendant.

2. FEDERAL COURTS — JURISDICTION — SUIT TO ENFORCE INDIVIDUAL LIABILITY
   OF STOCKHOLDERS OF A FOREIGN CORPORATION.
   Where the jurisdiction of the federal courts depends on the diverse citi-
   zenship of the parties, the federal courts of the residence of stockholders
   of an insolvent corporation, organized under the laws of another state,
   have no jurisdiction of a suit brought by a creditor of the corporation for
   an accounting and a receivership, and to enforce the individual liability
   of the stockholders, if the corporation has not voluntarily appeared in the
   action. In such case the nonresident corporation cannot be compelled to
   appear. Smith v. Lyon, 10 Sup. Ct. 303, 133 U. S. 315, and Improvement
   Co. v. Gibney, 16 Sup. Ct. 272, 160 U. S. 217, followed and applied.

3. SAME—PLEADING AND PRACTICE.
   In such a case, the defendant stockholders who appear may set up this
   defense by demurrer.

This was a bill in equity by the Elkhart National Bank of Elkhart,
Ind., which sued as a citizen of Indiana, against the Northwestern
Guaranty Loan Company of Minneapolis, a corporation organized
under the laws of Minnesota, and Edward P. Allison and others,
stockholders in the Northwestern Guaranty Loan Company, and citi-
zens of Pennsylvania. The Northwestern Guaranty Loan Company
was not served with process, and did not appear. The other defend-
ants appeared, and by demurrer denied the jurisdiction of the court.
The pleadings are sufficiently set out in the opinion.

M. H. Boutelle, for complainant.
John G. Johnson and W. C. Rodman, for respondents.

DALLAS, Circuit Judge. This is a suit in equity brought by the
Elkhart National Bank, a citizen of the state of Indiana, against the
Northwestern Guaranty Loan Company, a citizen of the state of
Minnesota, and the several other defendants named in the bill, all of
whom are alleged to be citizens of the state of Pennsylvania, and resi-
dents of the Eastern district of that state. Manifestly, the objection
made by these demurrers, that the Northwestern Guaranty Loan Com-
pany cannot be required to appear in this district, is supported by
the ruling of the supreme court of the United States in Smith v. Lyon,
133 U. S. 315, 10 Sup. Ct. 303, which in the later case of Improvement
Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, is referred to as having
decided that a suit in which there is more than one plaintiff or more
than one defendant must be brought in the district in which all the
plaintiffs or all the defendants are inhabitants. The Northwestern
Guaranty Loan Company is a citizen and an inhabitant, not of this
district, but of the state of Minnesota. It has not voluntarily ap-

peared, and it cannot be compelled to do so.    But it is contended that that company only can make objection to its being sued in a district of which it is a nonresident, and that, therefore, the demurrers which have been filed to the bill by other of the defendants cannot, on this ground, be sustained.    In Improvement Co. v. Gibney, supra, this point was not actually presented, but the supreme court there said:

"When there are several defendants, some of whom are, and some of whom are not, inhabitants of the district in which the suit is brought, the question whether those defendants who are inhabitants of the district may take the objection, if the nonresident defendants have not appeared in the suit, has never been decided by this court.    Strong reasons might be given for holding that, especially where, as in this case, an action is brought against the principals and sureties on a bond, and one of the principals is a nonresident and does not appear, the defendants who do come in may object, at the proper stage of the proceedings, to being compelled to answer the suit."

In view of these observations, it seems quite plain that the inferior courts of the United States should regard the broad question whether those defendants who are inhabitants of the district may take the objection that others of them, who have not appeared, are not such inhabitants, as an open one.    But the language quoted also imports, I think, that, at least in some cases, the defendants who do appear may object that one who has been joined with them as a defendant is a nonresident and does not appear.    In the present case the broad question first referred to need not be decided, and attention may be confined to the narrower inquiry.    Can this particular bill be maintained notwithstanding the objection of the defendants who are inhabitants of this district that their co-defendant, the Northwestern Guaranty Loan Company, is not an inhabitant thereof and has not appeared? Whether this inquiry ought to be answered in the affirmative or in the negative depends, in my opinion, upon whether or not jurisdiction of the Northwestern Guaranty Loan Company is practically necessary in order that this court may properly adjudicate the rights of the remaining defendants, and grant, respecting the subject-matter of litigation, the relief which is prayed.

In Bailey v. Inglee, 2 Paige, 278, Chancellor Walworth said:

"Persons are necessary parties when no decree can be made respecting the subject-matter of litigation until they are before the court either as complainants or defendants, or where the defendants already before the court have such an interest in having them made parties as to authorize those defendants to object to proceeding without such parties."

In that case the complainant prayed for a discovery, for an injunction to restrain proceedings at law, and for general relief; and it was held that two persons who were jointly liable with the complainant in the action at law were necessary parties, and that the other defendants would have a right to insist by demurrer that they should be made parties.    In this case the complainants pray discovery, for an account of the business of the Northwestern Guaranty Loan Company, and for general relief; and the defendants before the court are not liable at all, unless, upon taking the account demanded by the complainant, it shall appear that the company is without sufficient means to liquidate its own obligations.    No determination would be complete which should not determine the debts of the com-

pany and its assets applicable thereto. The bill itself is framed in accordance with this view of the matter, and the necessity for an accounting is not obviated by the allegations to the effect that, in addition to all the company's assets, the entire fund sought to be created by enforcing the full statutory liability of the stockholders will not suffice to pay its debts. The bill concedes that there should be an accounting by the corporation, and the stockholders who have appeared have a right to insist upon it; but, in the absence of the corporation, such an account cannot be ordered, nor a decree be made which would be certain and definite or adequately comprehensive.

I have carefully examined the bill. Its prayer for relief may, of course, be taken as indicating the ends which it is purposed to attain, and by what method. It asks:

"That an account be taken, ascertaining the value of all and several the assets, properties, and effects, of whatsoever kind or character, of said defendant Northwestern Guaranty Loan Company, applicable to the payment of its indebtedness; the stockholders of said corporation, and the amount of stock held by each at the date of the adjudication of insolvency of said Northwestern Guaranty Loan Company; the amount of indebtedness of said corporation, and to whom due; the amount due on plaintiff's judgment; and that a receiver herein and in this suit be appointed; and that each of said several stockholders within the jurisdiction of this court, defendants herein, be adjudged and decreed to pay to said receiver, for the equal benefit of your orator and all other creditors of said Northwestern Guaranty Loan Company who may become parties hereto and prove their claims herein, a sum equal in amount to the par value of the shares of stock held by each."

To this prayer for particular relief there is added the usual prayer for general relief, but it has not been suggested that under the latter any decree other than that specially prayed is in fact contemplated, and I do not perceive that any relief which would be agreeable to the frame of the bill could be granted which would substantially vary from that specially prayed. The bill avers, it is true, that the defendant stockholders therein specifically named are "liable to contribute and pay to and for the equal benefit of your orator and the several other creditors of said Northwestern Guaranty Loan Company a sum equal to the par value of the stock held and owned by each of said stockholders." I, however, do not understand it to be contended that this suit could be maintained as one simply for the recovery of a debt alleged to be due by each of the stockholder defendants, respectively, to the complainant and other creditors of the Northwestern Guaranty Loan Company. Indeed, it not only appears from the special prayer of the bill that the complainant's own theory of his suit is quite different, but it also appears from the body of the bill that its special prayer is the necessary sequence of its statements and charges. It expressly states that the liability intended to be enforced against these stockholders of the Northwestern Guaranty Loan Company was assumed only "in case of failure or insufficiency of the assets of said corporation to satisfy its just indebtedness, and in that case only to the extent of the deficiency," and "in an amount not exceeding the par value of the stock held by each, and that each should contribute and pay, to and for the joint and equal benefit of said creditors, such an amount, not exceeding the par value of the stock held by each, as might be required or necessary to make up or

satisfy such deficiency." This being the substance of the complainant's claim of right, the prayer for an account of the assets, and of the holders and holdings of stock, and of the indebtedness of the Northwestern Guaranty Loan Company, seems to me, I repeat, to be a necessary prayer, and, without it, it would be difficult to perceive upon what the equitable jurisdiction of this court could rest.    In my opinion, the defendant stockholders are entitled to have the account taken, and this cannot be done in the absence of the Northwestern Guaranty Loan Company.    Moreover, the bill contemplates that any sum which may be decreed to be paid shall be paid, not directly to the complainant and other creditors who may join in this suit, but that it shall constitute a fund to be administered by this court, through an independent receiver of its appointment, for the benefit of all who may prove their claims herein.    Surely, to such a proceeding the Northwestern Guaranty Loan Company should be a party, not only because of its own interest in the administration and distribution of the fund proposed to be created, but also that the rights of the other defendants may be properly ascertained and equitably dealt with.    This court is asked to undertake what it cannot perform. The Northwestern Guaranty Loan Company cannot be brought here, nor can its assets or its books; and the many difficulties that would be encountered in an attempt to take the account which is proposed, and to adjudicate upon claims which might be presented, are obvious, and apparently insurmountable.    Even upon the assumption that the constitution and statutes of the state of Minnesota contemplate the enforcement of the liability here asserted otherwise than by its own tribunals and in the manner prescribed by its own laws, it cannot be conceded that they impose upon this court the duty of assuming a jurisdiction which it is not practicable for it to exercise because of its inability to require a corporation of that state to submit to its authority.

I am unable to agree with the learned counsel of the complainant that the objection under discussion is overcome by Equity Rule 47. That rule is without applicability, because the corporation here in question has in fact been made a defendant, and its retention as such party is, necessarily I think, persisted in; and the difficulty here encountered would not be met by a decree without prejudice to the rights of the absent party, for its absence affects, not only its rights, but those of the defendants who are before the court as well.    What has been said disposes of the case, and therefore the several causes of demurrer which have not been alluded to need not be discussed. Upon the ground considered in this opinion the demurrers are allowed.