UNITED STATES CONSOLIDATED SEEDED RAISIN CO. v. PHŒNIX RAISIN SEEDING & PACKING CO. et al.

(Circuit Court, N. D. California. August 3, 1903.)

No. 12,806.

1. PATENTS—INFRINGEMENT—JURISDICTION—OBJECTIONS—WAIVER.

Act Cong. March 3, 1897, c. 395, 29 Stat. 695 [U. S. Comp. St. 1901, pp. 588, 589], provides that in suits brought for the infringement of letters patent the circuit courts shall have jurisdiction in the district of which the defendant is an inhabitant, or in any district in which the defendant shall have committed acts of infringement and have a regular place of business. Held that, if defendant is not a resident of the district in which he is sued, he must both have a place of business and have infringed the patent in such district.

**2. SAME—WAIVER.**

> Such provision with reference to the district in which the action shall be brought affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which is waived by defendant's appearance and failure to object to the jurisdiction before answer.

John H. Miller, for complainant.
Wheaton & Kalloch, for respondents.

BEATTY, District Judge.   While this is an action for the infringement of letters patent, the question of infringement is eliminated from discussion because of a ruling by the Circuit Court of Appeals of this circuit concerning the same patent in another case.

This action turns upon a question of jurisdiction, resulting from the act of Congress approved March 3, 1897 (29 Stat. 695, c. 395 [U. S. Comp. St. 1901, pp. 588, 589]), entitled "An act defining the jurisdiction of United States Circuit Courts in cases brought for the infringement of letters patent," which contains the following, among other provisions:

> "That in suits brought for the infringement of letters patent the Circuit Courts * * * shall have jurisdiction * * * in the district of which the defendant is an inhabitant, or in any district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business."

The design in the passage of this act, as well as its import, as worded, is so clear as to be without the range of doubt or discussion.   It is simply that in patent cases the defendant must be sued in the district of his inhabitancy, or in that where he has infringed the patent and has a place of business.   If he is sued in any other place, he may, by the proper procedure, have the action dismissed.   But the turning question is whether he may waive his right of dismissal when sued in the wrong district, and permit the action to proceed to final judgment, or does this statute establish such an imperative rule of jurisdiction that no waiver can prevent the dismissal of the action, whenever it appears to the court that it was not commenced in the proper district? The complainant's contention is that a defendant may waive his right of forum, and that he does so when he fails, on his first appearance in the action, to make objection to the court's jurisdiction.   It appears that the defendant herein not only entered a general appearance in the action, but filed several pleadings before raising the question of jurisdiction, which was first done in the answer.

We are all familiar with the act of 1887 (Act March 3, 1887, c. 373, § 1, 24 Stat. 552 [U. S. Comp. St. 1901, p. 508]) providing for the jurisdiction of Circuit Courts, and with the provision thereof which directs that "no civil action shall be brought before either of said courts against any person * * * in any other district than that whereof he is an inhabitant."   This statute is as imperative and as clear as that first above referred to.   Its most apparent construction is that jurisdiction is limited to the district of defendant's residence.   Considering

¶ 2. Waiver of right as to district in which suit may be brought see note to Central R. & Banking Co. v. Farmers' Loan & Trust Co., 52 C. C. A. 152.

the context of the statute, as well as the fact that the courts have constantly construed the entire act as intended to restrict jurisdiction, it is somewhat surprising that it should be so construed as to permit litigants to select a place of trial for which the act, directly, at least, did not provide. But the Supreme Court, in construing this provision, has said that the "district in which the action shall be brought does not touch the general jurisdiction of the court, * * * but affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which the defendant may insist upon or may waive at his election; and the defendant's right to object that an action within the general jurisdiction of the court is brought in the wrong district is waived by entering a general appearance without taking the objection." Interior Construction Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401. Such being the construction of the act of 1887, why should not the same be applied to that of 1897? The phraseology of each is substantially the same. The first is that "no civil action shall be brought * * * in any other district than that whereof he [defendant] is an inhabitant." The second is that in patent cases the "courts * * * shall have jurisdiction * * * in the district of which defendant is an inhabitant," etc. There is no difference, save that in one act it is directed that the action shall be brought in the district, and in the other it is declared that the courts shall have jurisdiction in the district. To make this difference a reason for a different construction would seem a mere subterfuge or a shield for the desire to change the construction. If under the first act it was simply a question of personal privilege to the defendant where he could be sued, I can see no reason why the same personal privilege should not be extended to him under the last act. It is said that this latter act was especially for the purpose of regulating the jurisdiction, as shown by the title. So, also, of the title to the first act. It is conceded that both acts were enacted for the purpose of regulating, and do regulate, such jurisdiction. But counsel for defendant insist that the courts have held, in effect, that under the act of 1897 the defendant cannot waive his right of forum, but that in all patent cases a suit can be maintained against him only in the district directed. I have examined all the cases cited by counsel. They hold that the act places the jurisdiction in the district where the defendant resides, or in that in which he has infringed and has his place of business, and that if he is sued in any other he may, by proper procedure, have the action dismissed. Undoubtedly such is correct, and it is precisely the same ruling that obtained under the former act. But in none of these cases is it clearly stated or decided that a defendant cannot or does not waive his right of dismissal by his failure to ask it at his first appearance, or by a general appearance. In most of them the proper steps for dismissal were taken upon first appearance. The case in 115 Fed. 634 (Streat v. Rubber Co.; C. C.) is an exception. There the parties proceeded to trial, and upon the close of complainant's testimony a motion to dismiss was made because it had not been shown both that the defendant had a place of business and had infringed in the district. It appears that he had not infringed in that district. He alleged that he had not infringed in that district or else-

·where. It does not appear that he infringed anywhere, nor does it appear that there was any offer of testimony that he had infringed in any other district. The only question, so far as appears from the case, was whether infringement had occurred in that district. The case is certainly not a clear authority for defendants' position in this case. In 116 Fed. 641 (Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co.; C. C.) a motion for preliminary injunction was denied because the complaint failed to show the jurisdictional facts, while in 118 Fed. 852 (Chicago Pneumatic Tool Co. v. Philadelphia Pneumatic Co.; C. C.) a like motion was granted, it appearing that the court had jurisdiction. In all these cases the question of jurisdiction growing out of this act was more or less discussed, and possibly by a strained construction some support for defendants' position may be inferred from them. But I cannot conclude that they so directly either consider or decide the exact question we have here, namely, that the defendants waived their right by failing to timely object, as to deem them authorities thereon.

Several rulings were referred to by counsel which were oral, and therefore not before me. As counsel differed concerning their effect, they are passed.

After careful consideration, I do not think I would be justified in entertaining the views urged by defendants, but must hold that the ruling applied in 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401, to the statute of 1887, must be followed in the construction of the statute under consideration. It is therefore held that, as to defendant Phœnix Raisin Seeding & Packing Company, this action cannot be dismissed, but it is dismissed as to defendant Gartenlaub, for the reason that it appears that in what he did he acted only as an officer of the defendant company.

The complainant is entitled to its judgment and decree against the defendant company.