FRIBOURG et ux. v. PULLMAN CO.

(Circuit Court, E. D. North Carolina. March 7, 1910.)

No. 556.

1. COURTS (§ 321*)—FEDERAL COURTS—JURISDICTION.
A suit for $10,000 brought by citizens and residents of France against an Illinois corporation was within the jurisdiction of the federal Circuit Court under Judiciary Act March 3, 1887, c. 373, § 1, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), conferring on federal courts jurisdiction of a controversy between citizens of a state and foreign states, citizens, or subjects wherein the amount in controversy exceeds $2,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 845–849; Dec. Dig. § 321.*]

2. COURTS (§ 272*)—FEDERAL JURISDICTION—VENUE.
Judiciary Act March 3, 1887, c. 373, § 1, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), confers federal jurisdiction over a controversy between citizens of a state and foreign states, citizens, or subjects wherein the amount in controversy exceeds $2,000, but provides that no civil suit shall be brought before either of such courts by any person in any other district than that whereof he is an inhabitant, but when the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant. *Held*, that a suit between citizens of France and an Illinois corporation, where federal jurisdiction depended on diversity of citizenship, could not be brought over defendant's protest in the federal Circuit Court for the district of North Carolina, where neither plaintiff nor defendant resided.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 811; Dec. Dig. § 272.*]

3. COURTS (§ 314*)—FEDERAL COURTS—CITIZENSHIP—JURISDICTION—"CITIZEN."
A corporation cannot be considered a citizen, inhabitant, or resident of a state in which it has not been incorporated for the purpose of determining federal jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 860; Dec. Dig. § 314.*

For other definitions, see Words and Phrases, vol. 2, pp. 1164–1174; vol. 8, pp. 7602, 7603.

Citizenship of corporations, see notes to St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174; Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 301.]

Action by Edward Fribourg and wife against the Pullman Company. On motion to dismiss. Granted.

Col. John Hinsdale, for plaintiffs.
James H. Pou, for defendant.

CONNOR, District Judge. Plaintiffs allege that the feme plaintiff is the wife of Edward Fribourg, and that they are both citizens and residents of the republic of France; "that defendant is a corporation created, organized, and existing under and by virtue of the laws of the state of Illinois within the meaning of the laws fixing and determining the jurisdiction of this court"; that defendant is engaged in the business of carrying passengers, as a common carrier, throughout the United States and particularly between Jersey City, in the state

of New Jersey, and Wilmington, in the state of North Carolina; that defendant, in the prosecution of its business, in the state of North Carolina, maintains offices and has agents and property in said state; it has appointed and executed a power of attorney to Henry W. Miller, Esq., as its agent in said state, upon whom process may be served therein; that on the 2d day of November, 1907, the plaintiffs engaged, passage on one of the cars of defendant and secured a berth in said car from Jersey City, N. J., to Wilmington, N. C., paying the sum of $14 therefor; that while a passenger on said car the feme plaintiff was the owner of and had in her possession on said car valuable jewelry—gold bracelet, gold rings, with pearl and diamond settings, earrings, etc.—of the value of $10,000; that said jewelry was such as might reasonably be worn by a person of the social position and pecuniary circumstances of feme plaintiff; that while a passenger on said car between the points aforesaid she placed the jewelry in a satchel in her berth; that it was taken therefrom and stolen by the night porter of defendant, while engaged in the performance of his duties on said car; that by reason of the negligence of defendant and the act of its servant feme plaintiff lost said jewelry, and thereby sustained damage to the amount of $10,000, wherefore she sues in this action, etc. The defendant entered a special appearance for the purpose of moving the court to set aside and vacate the summons and dismiss the action, and for the same purpose filed a special demurrer for that it appeared upon the face of the complaint that plaintiffs are citizens and residents of the republic of France and defendant is a citizen and resident of the state of Illinois. The averment of diverse citizenship of the parties brings the action within the jurisdiction of the court by virtue of the provisions of Act March 3, 1887, c 373, § 1, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433, conferring jurisdiction upon the Circuit Courts of the United States of "a controversy between citizens of a state and foreign states— citizens or subjects," wherein the amount in controversy exceeds the sum of $2,000. U. S. Comp. St. 1901, p. 508; 4 Fed. St. Ann. 265, 297.

The contention of the defendant is directed to the venue, and is based upon the following language of the statute:

"But no person shall be arrested in one district for trial in another in any civil action in any Circuit or District Court, and no civil suit shall be brought before either of said courts by any person, by any original process or proceeding in any other district than that whereof he is an inhabitant; but, when the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The section, when analyzed, provides that in controversies arising (1) under the Constitution, or laws, of the United States, or treaties made, etc., or (2) in which the United States are plaintiffs or petitioners, or (3) in which there shall be a controversy between citizens of different states, or (4) between citizens of the same state claiming lands under grants of different states, or (5) a controversy between citizens of a state and foreign states; citizens, or subjects, etc., the Circuit Courts of the United States shall have jurisdiction, etc. This

language confers and marks the jurisdiction of the court without reference to the venue, or locality, of the court in which the action may be brought.

The next succeeding clause is not a grant of jurisdiction, but a restriction in respect to the venue, and, except as hereinafter noted, is in the language of Judiciary Act Sept. 24, 1789, c. 20, 1 Stat. 73. Prior to, and including, Act March 3, 1875, c. 137, § 1, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508), the venue was confined to the district of which the defendant was an inhabitant, "or in which he shall be found at the time of serving the writ." The act of 1887, as amended by the act of 1888, placed a further restriction upon the venue by omitting the words in quotation and confining it to the district whereof "the defendant is an inhabitant." The statute, as amended, has been construed by the Supreme Court: it has been uniformly held, and that the history of the legislation shows, that the "general object of Congress has been to contract, not to enlarge, the jurisdiction of the Circuit Courts of the United States." In re Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. Mr. Justice Gray in Re Keasbey & Mattison, 160 U. S. 221, 228, 16 Sup. Ct. 273, 275 (40 L. Ed. 402), referring to the language of the act of 1887-88, says:

"The last clause is added by way of proviso to the next preceding clause which, in its present form, forbids any suit to be brought in any other district than that of which the defendant is an inhabitant; and the effect is that, in every suit between citizens of the United States, when the jurisdiction is founded upon any of the grounds mentioned in this section, other than the citizenship of the parties, it must be brought in the district of which the defendant is an inhabitant; but when the jurisdiction is founded only on the fact that the parties are citizens of different states, the suit shall be brought in the district of which either party is an inhabitant. And it is established by the decisions of this court that, within the meaning of this act, a corporation cannot be considered a citizen, an inhabitant, or a resident of a state in which it has not been incorporated; and, consequently, that a corporation incorporated in a state of the Union cannot be compelled to answer to a civil suit, at law or in equity, in a Circuit Court of the United States held in another state, even if the corporation has a usual place of business in that state."

It is clear that the plaintiff can find no basis for her position in this language—neither she, nor the defendant, is a resident or citizen of the Eastern district of North Carolina.

In Re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, a citizen of New York sued a foreign corporation. The defendant relying upon the restrictive clause in the statute insisted that it could be sued only in the district of which it was an inhabitant. The court held that the defendant did not come within the provisions of the act, for the manifest reason that, if it did so, a foreign, or alien, corporation, or a natural person, citizen of a foreign state, could not be sued at all in the Circuit Court of the United States. Judge Gray says:

"To construe the provision as applicable to all suits between a citizen and an alien, would leave the courts of the United States open to aliens against citizens, and close them to citizens against aliens."

The reason which induced the court to hold that the alien could be sued wherever found does not apply to the plaintiff; on the contrary,

to hold that an alien could sue in any district in which defendant could be found would give to such alien a distinct advantage over a citizen of one of our own states, who must sue either in his own district of residence or that of the defendant. While the construction given the statute in Hohorst's Case is allowable to prevent a result manifestly not intended by the Legislature, no such reason applies when the alien is plaintiff. She may sue the defendant in the district "whereof he is an inhabitant," thus securing the privilege conferred by the Constitution and the statute, and protecting the defendant against being subjected to suits beyond its domicile of creation or residence—the manifest purpose of the statute.

The distinction between a case in which the defendant is a citizen of a foreign state who cannot be an inhabitant of any district, and one like the case at bar, in which the plaintiff invokes the jurisdiction of the court, is made in Galveston, etc., Ry. Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248. It is there held that when the plaintiff is a citizen of a foreign state, etc., the action must be brought in the district whereof the defendant is an inhabitant. While the decision was the subject of a vigorous dissent by Mr. Justice Jackson, concurred in by Mr. Justice Harlow, it is directly in point and of controlling authority in this case. Rose, Fed. Proc. 500; 2 Foster's Fed. Proc. 70. The plaintiff relies upon the decision of Judge Reed in Barlow v. Ch. & N. W. R. R. Co. (C. C.) 172 Fed. 513. A careful examination of the facts and the opinion in that case will show that it is in harmony with the decisions of the Supreme Court. The distinction between jurisdiction and venue will explain any apparent conflict in the decisions. The Circuit Courts are given jurisdiction in a controversy between a citizen of one state and a citizen of a foreign state, etc. This status of the parties is jurisdictional and cannot be waived—the venue is a personal privilege granted to defendant, and may be, either expressly or by failure to take advantage of it in due time and by appropriate means, waived. "In discussing matters of pleading and practice arising under this and similar provisions, it is to be observed that the question thus presented is, generally speaking, not a matter that goes to the essential jurisdiction of the court. If a suit is of such a nature that it can certainly be brought in some federal court, or another—that is, if the subject-matter of the suit, or the character of the parties, is such that a federal court of some state or district has jurisdiction to entertain it—then the question whether that suit should be brought in one particular state, or district, rather than in another, is not a question of jurisdiction at all. It is rather a question of venue, using this word in the sense of the civil division from which the jury must be gathered, and in which the cause, if an equity one, should be tried. True, the term 'jurisdiction' is frequently used in this connection; and as a result some confusion has appeared in the cases. * * * As commonly put, the distinction is one between essential jurisdiction, on the one hand, and an exemption from process, on the other. * * * In the sense in which we now use the word, it may be said that the question of venue and the question of jurisdiction are wholly different and distinct. * * * Jurisdiction cannot be

conferred by consent of the parties and the want of it cannot be waived. The venue is a matter of personal privilege and can therefore be waived by the party concerned." 1 Street's Fed. Eq. Prac. §§ 383–384; Const. Co. v. Gibney, 160 U. S. 219, 16 Sup. Ct. 272, 40 L. Ed. 401; Southern Express Co. v. Todd, 56 Fed. 104, 5 C. C. A. 132. Keeping this distinction in view, the decision in Barlow's Case, supra, is easily understood. The plaintiff was an alien residing in England; the defendant an Illinois corporation. Suit was brought in the state of Iowa. Defendant lodged a copy of the record in the Circuit Court of the United States for the Northern District of Iowa, and moved that it take jurisdiction of the cause, after an unsuccessful motion for removal in the state court. The question decided arose upon a petition to remand to the state court. Judge Reed, after stating the case and quoting the language of the statute and citing Hohorst's Case, says:

"Suits between citizens and aliens may be brought in any district where valid service may be obtained upon the defendant, whether he be citizen or alien, subject of course to the right of the defendant, if he be a citizen of one of the states, to reasonably object to being sued by an alien in any other district than that of his residence, the same as he might object if sued by a citizen in a district of which neither the plaintiff nor the defendant was a resident, and, unless he does so object, the cause may rightly proceed to determination in the Circuit Court of the United States, where it was so commenced."

The learned judge cites the decided cases and shows clearly that as the Circuit Court would have had original jurisdiction, the cause being between a citizen of one state and of a foreign state, the defendant, citizen of Illinois, was entitled to have it removed into the federal court. The question of venue was not presented, although not overlooked by the judge. In Re Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061, a per curiam order was made denying a mandamus compelling the judge to remand to the state court a case wherein the plaintiff was an alien and the defendant a citizen of a state other than that in which suit was brought. This is in harmony with the Barlow Case. The sole question presented upon this record and raised by defendant's motion relates to the venue, and not to the jurisdiction. If defendant had entered a general appearance, or otherwise waived the right to dismiss because of the wrong venue, the court would have proceeded to trial and judgment. Const. Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401. This, of course, it could not have done, if without jurisdiction. It is manifest that an alien defendant cannot sustain the motion because it is not "an inhabitant" of any district. Hohorst's Case, supra; Galveston Ry. Co. v. Gonzales, supra. The distinction between jurisdiction and venue, the result of a failure to take advantage of it and the mode of doing so, is recognized by all Codes of Procedure. Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; 22 Enc. Pl. & Prac. 816. The decision in Barlow v. N. W. R. R. Co., supra, does not conflict with the cases cited. The motion to dismiss the action is allowed.