**KASH INDUSTRIES, INC., Appellant,**

**v.**

**PETERSEN MANUFACTURING COM-PANY, Inc., and Harold T. Jones, Appellees.**

**No. 17473.**

United States Court of Appeals
Eighth Circuit.

June 12, 1964.

**1003**

brief with counsel, Flavel A. Wright, of Cline, Williams, Wright, Johnson, Oldfather & Thompson, Lincoln, Neb.

Edwin L. Spangler, Jr., of Anderson, Spangler & Wymore, Denver, Colo., made argument for appellee and filed brief with counsel, Hale McCown, of McCown & Baumfalk, Beatrice, Neb.

Before VAN OOSTERHOUT, RIDGE and MEHAFFY, Circuit Judges.

PER CURIAM.

The District Court, on separate motion of appellee Petersen Manufacturing Company (hereinafter called "Petersen"), dismissed, in its entirety, appellant's complaint praying two-fold relief: (1) for declaratory judgment under Section 2201, Title 28, U.S.C.A., seeking to prevent appellees, jointly and severally, from asserting any rights against appellant relating to Letters Patent No. 2,514,130, issued to appellee Harold T. Jones; and (2) challenging the validity of those cited letters patent for lack of invention. (Section 1338, Title 28, U.S. C.A.).

Tersely stated, appellant by its complaint in the case at bar alleged that a controversy exists as to whether its manufacture and sale of a "vise wrench with release mechanism" constitutes infringement of Letters Patent No. 2,514,130, *ante*, as both appellees have accused it; and to prevent them from making or asserting any future claim of such infringement by appellant, or its trade, because the manufacture, sale and distribution of its "vise wrench" is not covered by Jones' Letters Patent, *ante*, but other Letters Patent, No. 2,489,895, previously granted to one Stephen M. Kash; and if not so covered by the prior Kash patent, then the Jones patent is invalid for lack of invention.[1]

■■ Concededly, proper service of process in the case at bar was made on appellee Petersen. Substituted service

Eugene C. Knoblock, South Bend, Ind., made argument for appellant and filed

1. Plaintiff's complaint in part might be construed as being one of "interfering patents" brought within the ambit of Section 291, Title 35, U.S.C.A. Whether that is so, or not, we need not decide and no such decision is here intended.

of process was made on appellee Jones, a resident of Colorado, through an alleged agent living in Nebraska, as authorized by Rule 4(d) (1), F.R.C.P., 28 U.S.C.A. Service of process on Jones, as provided in that Rule, is revealed by the record before us. Hence the question of the District Court's jurisdiction over Jones in the case at bar "is thus sufficiently certified to this court." Interior Construction & Imp. Company v. Gibney, 160 U.S. 217, 219, 16 S.Ct. 272, 40 L.Ed. 401. Jones has filed no pleading attacking that service.[2]

■ However, Petersen did file a motion to dismiss the instant action on the ground that Jones, an indispensable party, was not served with personal process so as to give the District Court jurisdiction over Jones. The District Court, by "memorandum and order" (not published), sustained that motion. In so doing it stated, in part:

"It appears to be conceded by plaintiff that the said Harold T. Jones, the patentee and admitted 'owner' of the United States Letters Patent No. 2,514,130, while named by plaintiff as a party defendant, is a resident of Pueblo, Colorado, and, therefore, outside the jurisdiction of this Court; that plaintiff has not obtained personal service upon the said named defendant, Harold T. Jones, nor has the said named defendant Jones submitted his person to the jurisdiction of this Court. If he is an indispensable party and cannot be legally found in this district the motion to dismiss must be sustained.

"The Court has reached the conclusion that under the circumstances here present, the defendant Harold T. Jones is an indispensable party to a determination of the issues pres-

ent in this case, and that said motion to dismiss, should be sustained."

So far as we can tell from the record before us, the District Court so ruled without making any specific determination as to the validity of the substituted service of process established as having, in fact, been made on Jones. From the state of such record, we cannot determine that fact, nor make any express ruling thereon. Moreover, we do not believe such a determination could properly be made on Petersen's motion to dismiss, in the light of the limited record before us. As heretofore noted, Jones made no attack upon the validity of such service. The agency issue thereby raised is one of fact as to which the parties are entitled to present evidence.

■ From the District Court's memorandum order, *ante*, all that appears is that it reached the conclusion to dismiss this action in its entirety from a consideration of certain previous litigation involving Letters Patent No. 2,514,130, supra, (Jones v. Sears, Roebuck & Co., D.C., 187 F.Supp. 293, aff'd, 10 Cir., 308 F.2d 705, cert. den., 371 U.S. 952, 83 S.Ct. 509, 9 L.Ed.2d 501); and the provisions of a *"purported* license agreement between said moving defendant (Petersen) and the *non-served* ' * * * defendant * * * Jones." The record reveals that the latter-mentioned document was "offered"; but the only conclusion we can make is that it was never *admitted* in evidence because the same is not made a part of the record in this appeal. Seemingly, however, the District Court concluded from that document alone that Petersen had "no rights or interest in (that) portion of Patent No. 2,514,130 (issued to Jones and) pertaining to the toggle-line to toggle connection features" of that patent, because that feature of Jones' patent was "grant-

2. Where a defendant intends to deny valid service of process, the proper practice is a special appearance for that purpose, and a motion to set aside whatever service may have been made upon any person assumed to be his representative. (Cf. Interior Construction & Imp. Company v. Gibney, 160 U.S. 217, 219, 16 S.Ct. 272, 40 L.Ed. 401 (1895).

ed to some one else"; and, that "the licensor (Jones) did not license to (his) licensee (Petersen) all of (his) rights under *all* features of said patent"; notwithstanding appellant's contentions *contra*. Solely, on the premise of the above controverted issue of fact, the District Court rule that this action should be dismissed in its entirety because of appellant's failure to obtain personal service on Jones, an indispensable party. We do not believe that the record supports a determination of that issue as a matter of law. Exhibit C, attached to the complaint, is a letter from Petersen's attorney to plaintiff, revealing that Petersen is the exclusive licensee under the Jones patent, and such letter threatens litigation by Petersen against appellant for injunction and damages. Therefore, it seems to us that a determination of the status between Petersen and Jones presented an issue of fact upon which the District Court should have received evidence before making any ruling on that issue. Upon the state of the record here, it cannot be conclusively determined whether or not Petersen is, or is not, an entire assignee of the patent in question. Petersen, in its brief, impliedly admits that the plaintiff has a cause of action against it, but states that plaintiff "should seek relief against Petersen alone and recast its Complaint to ask for only an injunction to prevent Petersen from further harassment of plaintiff and its customers. On such a theory, the Nebraska courts would have jurisdiction to entertain the action."

3. Appellant's assignments of error on appeal are:

"1. The Court erred in dismissing the action upon representations of the defendant, Petersen Manufacturing Company, Inc., which were contrary to prior representations made by it and which were supported only by a showing of an item described by the Court as 'a purported license agreement.'

"2. The Court erred in concluding that the defendant, Harold T. Jones, is an indispensable party to this action.

The record before us is so inadequate, incomplete and insufficient that we cannot consider or determine the validity of the District Court's conclusions, *ante*, or whether the contentions these parties make before us have any merit.[3]

The only ruling we can make from the briefs and record here is to reiterate what was most recently said by this Court, speaking through Judge Sanborn (deceased), in Thomason v. Hospital T. V. Rentals, Inc., 272 F.2d 263, 266 (8 Cir. 1959):

"The attitude of this Court toward attempts to terminate litigation, believed to be without merit, by dismissing a complaint for insufficiency of statement has been adequately stated in Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583, 586–587, and restated in Lada v. Wilkie, supra, at pages 212–213 of 250 F.2d. No matter how reasonably it may be surmised or predicted that a plaintiff will be unable to establish on a trial the claim stated in his complaint or to obtain any relief, he is, nevertheless, entitled to make the attempt unless it appears beyond doubt that he can prove no set of facts in support of his claim which would entitle him to any relief. Conley v. Gibson, supra, at pages 45–48 of 355 U.S., at pages 101–103 of 78 S.Ct."

Reversed and remanded for further proceedings.

"3. The Court erred in designating Harold T. Jones to be a 'non-served named defendant.' "

\*      \*      \*      \*

Appellee Petersen sets forth seven (7) "points to be argued," all of which manifestly require consideration of applicable law to factual matter which is not contained or revealed to us by the record on appeal.