Judge Daniel L. Dysart
This writ application is before this Court on remand by the Louisiana Supreme Court for briefing, argument and full opinion. The concise issue to be decided is whether venue is proper in Orleans Parish as to defendant, Carmax Auto Superstores, Inc., an alleged tortfeasor, along with other named defendants. For the following reasons, we reverse the ruling of the district court, and remand this matter for further proceedings.
BACKGROUND:
Plaintiff, Jose Maria Rivera Rosales ("Mr. Rosales"), was severely injured on May 25, 2016, in Tangipahoa Parish, when the truck in which he was a passenger was involved in a rollover accident, the result of an allegedly defective tire which delaminated. Mr. Rosales filed suit in Orleans Parish on May 5, 2017, naming, among others, Michelin North America, Inc. ("Michelin"), Carmax Auto Superstores, Inc. ("Carmax"), ONG Motorsports, Inc. ("ONG"), and CarsforSale.com, Inc ("CarsforSale").[1] Michelin and Carmax were both alleged to be foreign corporations authorized to do and doing business in Louisiana. ONG was alleged to be a foreign corporation authorized to do and doing business in Texas, and CarsforSale was alleged to be a foreign corporation authorized to do and doing business in South Dakota.
In his petition filed on May 9, 2017, and amended and supplemental petition filed on May 24, 2017 in Orleans Parish, plaintiff alleged that his domicile since the date of the accident was Orleans Parish. Plaintiff further alleged that ONG and CarsforSale are foreign corporations not licensed to do business in Louisiana, and which do not have agents for service of process in Louisiana.
Defendants Carmax and Michelin each filed an exception of improper venue, on or about June 8, 2017, arguing that La. C.C.P. art. 74 provides that a suit brought to recover damages for an offense may only be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. As the accident occurred in Tangipahoa Parish, defendants maintained that venue is improper in Orleans Parish. Further, as plaintiff did not allege any facts to support why venue is proper in Orleans Parish, the suit should be transferred to Tangipahoa.[2]
*974 In response to defendants' exceptions, plaintiff argued in the trial court that venue is proper in Orleans Parish pursuant to La. R.S. 13:3203, which states, "A suit on a cause of action described in R.S. 13:3201 may be instituted in the parish where the plaintiff is domiciled, or in any parish of proper venue."[3] Additionally, plaintiff argued that jurisdiction is personal to the party and may not be raised by another party. He argued that since ONG and CarsforSale never filed exceptions to jurisdiction, Michelin and Carmax cannot except on their behalf.
The record reveals that ONG and CarsforSale did not file exceptions objecting to the lack of personal jurisdiction of the Orleans Parish Court. The only action taken by ONG and CarsforSale was on June 28, 2017, when they filed a motion for extension of time to answer the petition. Neither party filed an answer or any other exception. On November 21, 2017, a Partial Motion to Dismiss was entered, dismissing ONG and CarsforSale.
The original hearing on Michelin's and Carmax's exceptions was held on June 21, 2017. The hearing was continued to December 15, 2017 so that the parties could conduct discovery; however, during that period of time between the hearings, no exceptions or answers were filed by ONG and CarsforSale.
On December 15, 2017, the third hearing on the matter, the court granted Michelin's and Carmax's exceptions of improper venue.
Plaintiff filed a writ application in this Court, which we granted, finding that venue was proper in Orleans Parish pursuant to La. C.C.P. art. 42(5). Michelin and Carmax applied for writs of certiorari to the Louisiana Supreme Court, which were granted. The Supreme Court remanded the matter to this Court with instructions to order briefing and oral argument, and to render a full opinion.[4]
DISCUSSION:
In his Petition for Damages, the plaintiff alleged:
21.
Seller Defendants, ONG MOTORSPORTS, INC. D/B/A ONGMOTORSPORTS.COM, CARSFORSALE.COM, and CARMAX AUTO SUPERSTORES, INC. regularly marketed their inventory of vehicles nationally, including to Louisiana residents, via the internet.
22.
Seller Defendants, ONG MOTORSPORTS, INC. D/B/A ONGMOTORSPORTS.COM, CARSFORSALE.COM, and CARMAX AUTO SUPERSTORES, INC. specifically marketed the 2004 Nissan Frontier nationally, including to Louisiana residents and Bernal, and were made aware that MISAEL BERNAL resided in Louisiana and intended to use the Frontier as vehicular transportation in Louisiana.
Defendants, MICHELIN NORTH AMERICA, INC., ONG MOTORSPORTS, INC. D/B/A ONGMOTORSPORTS.COM, CARSFORSALE.COM, and CARMAX AUTO SUPERSTORES, INC. may have also engaged in other acts of negligence which may be determined through discovery.
Since an exception of no cause of action was never raised, it is presumed a proper *975 cause of action was stated against ONG and CarsforSale and further that they were transacting business in the State of Louisiana, which allegations met the requirements of La. R.S. 13:3201 A (1), the Long Arm Statute.[5]
ONG and CarsforSale were foreign corporations not licensed in the State of Louisiana and had not appointed agents for service of process. As a result, the plaintiff filed suit in Orleans Parish, his domicile pursuant to the provisions of La. C.C.P. art. 42(5) which provides as follows:
The general rules of venue are that an action against:
* * * *
(5) A foreign corporation or a foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in the parish of the plaintiff's domicile or in a parish where the process may be, and subsequently is, served on the defendant.
Defendant, Carmax, is a foreign corporation licensed to do business in Louisiana. Therefore, the provisions of La. C.C.P. art. 73 A apply. The article provides:
A. An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
Accordingly, at the time the petition was filed, venue was proper in Orleans Parish as to Carmax pursuant to the provisions of La. C.C.P. arts. 42(5), 73 A, and La. R.S. 13:3201 and 3203.[6] As indicated previously ONG and CarsforSale settled without making any other filing but the Motion for Extension.
The well-defined issue presented by this case is whether Carmax has standing to raise an objection to the lack of personal jurisdiction on behalf of ONG and CarsforSale.
Johnson v. Williams, 49,749 (La.App. 2 Cir. 4/15/15), 163 So.3d 880, is a Second Circuit case where the plaintiff, Donald Johnson, sought a declaratory judgment in a Louisiana court, seeking to have the final payment due from an annuity acquired as a result of an automobile accident made to him instead of to his ex-wife. Mr. Johnson's ex-wife and his son were residents of Maryland. Mr. Johnson continually failed to pay child support, and after years of litigation in Maryland, his ex-wife eventually obtained an injunction prohibiting Mr. Johnson from selling, transferring, or otherwise alienating the annuity payments, and further ordering Symetra, the insurance company which maintained and administered the annuity, not to transfer, relinquish, make any payments on, or make any distributions from the annuity *976 pending further orders of the Maryland court. Thereafter, the Maryland court periodically ordered payments to be made to Mr. Johnson's ex-wife. At no time did Mr. Johnson challenge the jurisdiction of the Maryland court.
When his son reached the age of majority, Mr. Johnson contacted Symetra and requested that the final annuity payment be made to him. Symetra refused based on the injunction. Mr. Johnson, although at the time a resident of Florida, filed pleadings in the original Franklin Parish personal injury suit, seeking a declaratory judgment against Symetra to force it to make the final payment to him. He argued that the Maryland court did not have personal jurisdiction over Symetra and therefore could not subject it to an injunction.
The Second Circuit explained:
Personal jurisdiction is a waivable right. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ; Lovering v. Lovering , 38 Md.App. 360, 380 A.2d 668 (1977). Unlike subject matter jurisdiction, personal jurisdiction represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee , 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) ; Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). As a result, it is waivable by the affected parties, and therefore cannot be raised on their behalf by anyone else. Seven Arts Pictures, Inc. v. Jonesfilm, 2011 WL 2461701 (E.D.La. 2011).
Johnson, 49,749, p. 15, 163 So.3d 880 at 888-89.
In Seven Arts Pictures, Inc. v. Jonesfilm , 09-4814 (E.D. La. 6/17/11), 2011 WL 2461701, the court was asked to rule on a challenge to jurisdiction and venue raised by defendant, Seven Arts Pictures. Seven Arts Pictures was one of several judgment debtors who were cast in judgment, jointly and severally, in the State of California. After the judgment became final, the plaintiff conducted debtor discovery and learned that Seven Arts Pictures was the owner of a limited liability company and a member of three other limited liability companies in the State of Louisiana. The plaintiff registered the California judgment in the Eastern District Court of Louisiana and obtained orders against the judgment debtors' membership interest in the Louisiana limited liability companies. Seven Arts Pictures countered with a Motion to Dismiss, arguing that there was no personal jurisdiction over them because of a lack of sufficient minimum contacts. It also made arguments as to why the Louisiana court could not exercise personal jurisdiction over the other judgment debtors. The court addressed whether Seven Arts Pictures could raise a challenge to jurisdiction and venue on behalf of other judgment debtors. Quoting Jenkins v. Smead Mfg. Co., No. 09-CV-0261-IEG (BLM), 2009 WL 3628100 (S.D.Cal. October 28, 2009), the court explained:
Unlike subject matter jurisdiction, personal jurisdiction and venue represent a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702-03, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (personal jurisdiction); Interior Const. & Imp. Co. v. Gibney, 160 U.S. 217, 219-20, 16 S.Ct. 272, 40 L.Ed. 401 (1895) (venue). As a result, both are waivable by the affected parties, and therefore cannot be raised on their behalf by anyone else. See *977 Sayles v. Pac. Eng'rs & Constructors, Ltd., No. 08-CV-676S, 2009 WL 791332, at *7 (W.D.N.Y. Mar. 23, 2009) (citation omitted) (defendant lacks standing to contest personal jurisdiction over a co-defendant); Smithkline Beecham Corp. v. Geneva Pharmaceuticals, Inc., 287 F.Supp.2d 576, 580 n. 7 (E.D.Pa.2002) (citation omitted) (same); Vance Trucking Co. v. Canal Ins. Co., 338 F.2d 943, 944 (4th Cir. 1964) (citing Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997 (1919) ) (defendant cannot raise the defense of improper venue on behalf of a co-defendant); Schoen v. Mountain Producers Corp., 170 F.2d 707, 713 ( [3rd] Cir. 1948) (citing Camp, 250 U.S. at 316, 39 S.Ct. 478 ) (same); Pratt v. Rowland, 769 F.Supp. 1128, 1132 (N.D.Cal. 1991) (citing Camp, 250 U.S. at 316, 39 S.Ct. 478 ) (same).
The court went on to rule:
For the reasons stated above, Seven Arts lacks standing to challenge the personal jurisdiction and/or venue with respect to the other judgment debtors. See Jenkins v. Smead Mfg. Co. , 2009 WL 3628100 at *3.
Id., at *4.
Applying the foregoing principles, the court found that Seven Arts Pictures lacked standing to challenge personal jurisdiction and/or venue with respect to whether jurisdiction and/or venue existed as to the other judgment debtors.
In the instant matter, therefore, we find that Carmax has no standing to raise the exception of venue, which is grounded in a jurisdictional question, on behalf of ONG and CarsforSale. We further find that ONG and CarsforSale were party defendants and alleged joint obligors at the time Michelin and Carmax filed their exceptions. As such, venue was proper as to them in accordance with La. C.C.P. art. 42(5), and as to Carmax in accordance with La. C.C.P. art. 73.
For the reasons set forth herein, we grant the writ application filed on behalf of plaintiff. We reverse the ruling of the trial court, and remand the case for further proceedings.
REVERSED AND REMANDED

After the filing of the original exceptions of improper venue and prior to the September 15, 2017 hearing on the exceptions, ONG and CarsforSale settled with the plaintiff.

Subsequent to the filing of this suit in Orleans Parish, plaintiff filed an identical suit in Tangipahoa Parish. See La. C.C.P. art. 121.

La. R.S. 13:3201 is commonly referred to as the Louisiana Long-Arm Statute.

While this matter was pending before the Supreme Court, Michelin settled all claims with the plaintiff. Therefore, only Carmax remains as a relator in this writ application and accordingly, the remainder of this opinion is addressed solely to Carmax.

La. R.S. 13:3201 provides, in pertinent part, as follows:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.

La. R.S. 13:3201 (A) provides that "[a] suit on a cause of action described in R.S. 13:3201 may be instituted in the parish where the plaintiff is domiciled, or in any parish of proper venue. La. Stat. Ann. § 13:3203."