## DE DOOD v. PULLMAN CO.
### No. 298.

Circuit Court of Appeals, Second Circuit.
April 4, 1932.

Furst, Schwartz & Schwager, of New York City (Julius Schwartz and Samuel K. Goldstein, both of Brooklyn, N. Y., of counsel), for appellant.

Alexander & Green, of New York City (Clifton P. Williamson and Lasater Terrell, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

It is conceded, as it must be, that without the defendant's consent the action could not be brought in the Eastern district of New York, Seaboard Rice Milling Co. v. Chicago, R. I. & P. R. Co., 270 U. S. 363, 46 S. Ct. 247, 70 L. Ed. 633, nor process of the court below be served in the Southern district, Sewchulis v. Lehigh Valley Coal Co., 233 F. 422 (C. C. A. 2); Robertson v. Labor Board, 268 U. S. 619, 622, 45 S. Ct. 621, 69 L. Ed. 1119. The sole issue is whether correspondence passing between the parties prior to the institution of the suit constituted a waiver by defendant of objection to the venue and a consent to service of process outside the territorial limits of the court.

Under date of August 11, 1931, Mr. O'Connell, the defendant's assistant claims attorney, wrote in reply to an inquiry from the plaintiff's attorney, "We have no objection to suit being filed in New York." Subsequently the plaintiff's attorney wrote that he was drawing a complaint in an action "to be instituted in the United States District Court of New York (Eastern District)," and asked to be advised "what attorney will represent you in the suit so that we may transmit the summons and complaint to him." Mr. O'Connell in reply gave the name of defendant's attorneys, and four days later wrote again, as follows: "On September 26th, I wrote you in the Y. De Dood case, advising that our attorneys at New York are Messrs. Alexander & Green, 120 Broadway. So that there may be no misunderstanding, I would prefer that the service of the summons and complaint be made in the regular manner upon our representative, Mr. R. V. Watson, District Superintendent, Pennsylvania Terminal Station, New York."

Shortly after the receipt of this letter, the complaint was filed, and the following day the summons and complaint were served on E. P. Schwetzer, assistant district superintendent of the Pullman Company, at the Pennsylvania Station. Promptly thereafter the defendant made the motion which resulted in the order now before us.

If a court has jurisdiction over the subject-matter of a controversy, it may acquire jurisdiction over the person of a defendant by his consent as well as by its own lawful process. Such consent may be given in various ways (see 44 Harv. L. Rev. 1276, note 2, and cases there cited) and may be sub-

ject to conditions; for example, a person beyond the territorial boundaries of a court may agree to submit himself to its jurisdiction provided notice of suit or a summons shall be there served upon him. If the condition put upon his consent is complied with, judicial opinion holds that he is regularly before the court, although such service, in the absence of consent, would be wholly ineffectual. See Gilbert v. Burnstine, 255 N. Y. 348, 355, 174 N. E. 706, 73 A. L. R. 1453; Wilson v. Seligman, 144 U. S. 41, 44, 12 S. Ct. 541, 36 L. Ed. 338; Grover & Baker Sewing Mach. Co. v. Radcliffe, 137 U. S. 287, 298, 11 S. Ct. 92, 34 L. Ed. 670; Montgomery Jones & Co. v. Liebenthal & Co., [1898] 1 Q. B. 487. Similarly, a defendant may consent to be sued in a district not authorized by section 51 of the Judicial Code (28 USCA § 112). The section gives him a personal privilege which he may insist upon or waive at his election. Interior Construction Co. v. Gibney, 160 U. S. 217, 219, 16 S. Ct. 272, 40 L. Ed. 401; Seaboard Rice Milling Co. v. Chicago, R. I. & P. Ry. Co., 270 U. S. 363, 365, 46 S. Ct. 247, 70 L. Ed. 633. Hence it seems obvious that his waiver may be made conditional upon compliance with terms which he may impose.

■ The defendant urges that it never consciously waived its privilege of insisting upon suit in a proper district, because there is nothing in the correspondence to indicate to the defendant that De Dood was not an inhabitant of the Eastern district, nor is there any evidence that O'Connell knew the difference between the Eastern and the Southern districts. Cf. Lehigh Valley Coal Co. v. Washko, 231 F. 42, 46 (C. C. A. 2), where the defendant was misled by the plaintiff's false allegations. In opposition it may be argued that, in the absence of misrepresentation, if a defendant, without investigation, consents to be sued in a specified court, he takes his chances and must be held to his expressed consent. But it is unnecessary to decide between these competing arguments, for whatever consent the defendant gave was subject to a condition which was not fulfilled. Taking the correspondence in the light

most favorable to the plaintiff, and assuming the authority of Mr. O'Connell as assistant claims attorney to bind the defendant in agreeing upon the forum, he said in effect: "If you cause process to be served in the regular manner upon Mr. Watson, district superintendent, at the Pennsylvania Station, New York, I will not object to litigating in the district court for the eastern district of New York." The most that can be claimed is that the defendant consented to be brought into court and to waive objection to venue on condition that service be made upon Mr. Watson, its district superintendent. That condition was communicated to the plaintiff's attorneys before the suit was filed; it was certainly a condition upon the consent, for it was written, "so that there may be no misunderstanding." The condition was never fulfilled; service was had, not upon Mr. Watson, but upon Mr. Schwotzer, the assistant district superintendent. Whether he was an agent upon whom service could lawfully have been made if the suit had been brought in the Southern district of New York, we need not stop to inquire. See New York Civil Practice Act § 229. In the present case jurisdiction depends not upon legal service in compliance with the statutes, but upon fulfilling the conditions of the defendant's consent. Submission of the defendant to the court could be obtained only by strict adherence to the terms he had laid down. As the Supreme Court said in Grover & Baker Sewing Mach. Co. v. Radcliffe, 137 U. S. 287, 299, 11 S. Ct. 92, 95, 34 L. Ed. 670, the defendant "had a right to insist upon the letter of the authority conferred." See, also, Raymor v. Mich. Trust Co., 165 Mich. 259, 130 N. W. 594, and United States v. Loughrey, 43 F. 449 (C. C. W. D. Mich.). In the latter case acceptance of service was held not to preclude the defendant from obtaining a dismissal of the suit because brought in the wrong district. In the case at bar, the defendant consented to litigate in the Eastern district only on condition that it was brought into court by service on Mr. Watson. This condition not being fulfilled, the court below was without jurisdiction over the defendant.

Order affirmed.