In the Matter of the Arbitration between REPUBLIQUE FRANCAISE, Respondent, and CELLOSILK MANUFACTURING COMPANY et al., Appellants.

Argued April 13, 1955; decided July 8, 1955.

*John P. Gorman, Francis X. Nestor* and *Thomas P. Riordan* for appellants appearing specially. I. There was no jurisdiction in the New York Supreme Court to entertain the present proceedings or to direct entry of judgment against Cellosilk. (*Oklahoma Gas Co.* v. *Oklahoma,* 273 U. S. 257; *Title Co.* v. *Wilcox Bldg. Corp.,* 302 U. S. 120; *Martyne* v. *American Union Fire Ins. Co.,* 216 N. Y. 183; *Matter of National Sur. Co.* [*Laughlin*], 283 N. Y. 68; *Farrington* v. *Commissioner of Internal Revenue,* 30 F. 2d 915; *Transit Comm.* v. *Long Is. R. R. Co.,* 253 N. Y. 345; *Cocalis* v. *Nazlides,* 308 Ill. 152.) II. New York jurisdiction, based solely on New York statute and contract to arbitrate in New York, did not survive dissolution. III. The Supreme Court never acquired jurisdiction to affirm the award and enter judgment, since proper notice of motion was not served. IV. Respondent, in failing to inform the court of the dissolution of Cellosilk, failed to plead a cause of action. (*People ex rel. Hearst* v. *Ramapo Water Co.,* 51 App. Div. 145.) V. No service by mail at the last known address of Cellosilk, as required by

rule 39 of the American Arbitration Association Rules, was made by respondent. (*McDonald* v. *Mabee*, 243 U. S. 90; *People* v. *One Chrysler Sedan*, 81 Cal. App. 2d 18; *De Dood* v. *Pullman Co.*, 57 F. 2d 171; *Grover & Baker Mach. Co.* v. *Radcliffe*, 137 U. S. 287; *State* v. *Belden*, 193 Wis. 145; *Hendershot* v. *Finkel*, 74 Ohio App. 106; *Hartley* v. *Vitiello*, 113 Conn. 74; *Mouldings Div. of Thompson Inds.* v. *Review Bd.*, 122 Ind. App. 497.)

*Edward W. Schall* for respondent. I. Respondent had the right to institute an arbitration proceeding against Cellosilk in New York in February, 1952. (*Matter of Gantt* [*Hurtado & Cia.*], 297 N. Y. 433; *Sinnott* v. *Hanan*, 214 N. Y. 454; *Schreier* v. *Kinderhook Knitted Cap Co.*, 251 App. Div. 16; *O'Reilly, Skelly & Fogarty Co.* v. *Greene*, 18 Misc. 423; *Trounstine* v. *Bauer, Pogue & Co.*, 144 F. 2d 379, 323 U. S. 777; *Craftsman Finance & Mtge. Co.* v. *Brown*, 64 F. Supp. 168; *Chaplin* v. *Selznick*, 293 N. Y. 529; *Matter of Lehrich* v. *Sixth Ave. Bancorporation*, 251 App. Div. 391; *Matter of Evens*, 183 Misc. 717; *Atkins* v. *Harriman & Co.*, 69 F. 2d 66; *Newmark* v. *Abeel*, 102 F. Supp. 993.) II. The notice of motion sent by respondent to Cellosilk in connection with the confirmation of the arbitration award was properly served. (*Matter of Liberty Country Wear* [*Riordan Fabrics Co.*], 197 Misc. 581; *Matter of Bradford Woolen Corp.* [*Freedman*], 189 Misc. 242; *Tanbro Fabrics Corp.* v. *Hymen*, 341 Ill. App. 396; *Ripley Fabrics Corp.* v. *Hymen*, 91 F. Supp. 1007.) III. The proposal made on behalf of Cellosilk and Brown during the pendency of this appeal, that respondent abandon its judgment in exchange for the privilege of instituting a new arbitration proceeding, affords no basis for reversing the order of the Appellate Division.

CONWAY, Ch. J. In October, 1945, the respondent, Republique Francaise (hereinafter designated Republique), entered into a contract with the Cellosilk Manufacturing Company (hereinafter called Cellosilk) for the purchase of $512,100 worth of a glass substitute, to be delivered F.A.S. Port of New York, in six installments, the last of which was due in March, 1946. Among the " General Terms and Conditions " of the contract there was a provision that the warranty given by the seller " shall expire not sooner than at the end of one year from the date of receipt by us [Republique] of the material " and a pro-

vision that the order "shall be governed by and construed according to the laws of the State of New York and all questions and controversies arising in connection therewith shall be submitted to arbitration in accordance with the rules of the American Arbitration Association".

In March, 1946, Republique entered into another contract with Cellosilk for an additional $256,050 worth of the same glass substitute, to be delivered F.A.S. New York City, in two installments, one in March and the other in April, 1946. The "General Terms and Conditions" of this contract, similar to those in the earlier contract, contained provisions that the warranty given by the seller with respect to the goods or material "shall expire twelve months from the date of receipt by Buyer of such goods and material * * * "; that the "agreement shall be governed by and construed according to the laws of the State of New York" and that the seller and buyer "agree to submit to arbitration, to be held in the City of New York, all claims or controversies" arising out of the agreement.

On October 20, 1949, almost three and one-half years after the last scheduled delivery to Republique, Cellosilk filed with the Secretary of State of Illinois a statement of intent to dissolve, setting forth therein the names and addresses of its officers and directors as required by the laws of Illinois. (Laws of Illinois, 1933, pp. 308, 347–348, § 77; Smith-Hurd Ill. Anno. Stat. [Perm. ed.], ch. 32, § 157.77, p. 386). Thereafter, on April 28, 1950, the Secretary of State of Illinois issued a certificate of dissolution, whereupon Cellosilk was dissolved, ceased doing business and closed its office at Barrington, Illinois — the address given on the contracts with Republique.

Republique apparently received the goods contracted for and made no attempt to commence arbitration proceedings until on or about February 25, 1952, almost six years after the last scheduled delivery to Republique and about two months before the expiration of the two-year period following the date of Cellosilk's dissolution within which, according to Illinois law, an action or proceeding might be brought against Cellosilk. (See 1 Ill. Rev. Stat., 1949, ch. 32, § 157.94; Smith-Hurd Ill. Anno. Stat. [Perm. ed.], p. 437; see, also, *Title Co.* v. *Wilcox Bldg. Corp.*, 302 U. S. 120, 124–125, involving an Illinois corporation.) It then mailed a demand for arbitration to Cellosilk at its

address at Barrington, Illinois. At the same time it mailed a copy of the demand to the American Arbitration Association (hereinafter designated the Association), setting forth the nature of the dispute and the amount of the award sought. No demand for arbitration was sent to the Secretary of State of Illinois. Similarly, no formal demand was ever sent to appellant Brown, who had been an officer and director of Cellosilk as well as its sole stockholder, or to Cellosilk in care of Brown. The next day, February 26th, the Association mailed to Cellosilk a letter addressed in the same manner as the demand sent by Republique, stating that Republique had filed a demand for arbitration, and enclosing the list of names from which the arbitrators were to be appointed. On February 28, 1952, this letter was returned to the Association bearing the notation " out of business ". In his affidavit in support of the motion to vacate the order confirming the award and directing the entry of a money judgment against Cellosilk, Brown states that *all* the proceedings, except those taken in the District Court in Illinois, to be discussed *infra*, " were without proper or effectual notice to " Cellosilk, the Appellate Division found that " The post office returned the notices [sent] to the corporation " by Republique and the Association, and Republique itself does not deny or contest the allegations that *no notice of any kind* of the attempted arbitration was actually delivered to or served upon Cellosilk.

After learning that Cellosilk was " out of business " and that it had not received the notices sent to it, the Association wrote an *informal letter,* dated March 10, 1952, to appellant Brown, enclosing also a formal notice of hearing, but *no* demand for arbitration, the *process* necessary to initiate arbitration. In that letter the Association stated in part:

" On February 28, the post office returned our letter which had been addressed to the Cellosilk Manufacturing Company, with the notation that it was ' out of business.' We so notified the attorneys for Republique Francaise, who wrote us, in part, as follows:

" ' Regardless of this fact, our client, Republique Francaise, wishes to proceed with the arbitration of the matter set forth in its Demand for Arbitration.'

" We were further advised by  *  *  *  [the attorneys for Republique] that you were connected with Cellosilk Manufac-

turing Company *in some way.* In view of such information, we wish to point out to you Sections 39 and 29 of the enclosed Rules.'' (Emphasis supplied.)

Rule 39 of the Rules of the Association, mentioned in the letter to Brown provided: '' 39. *Serving of Notices* — Each party to a Submission or other agreement [Brown, of course, was not a party] which provides for arbitration under these Rules shall be deemed to have consented and shall consent that any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these rules and for any court action in connection therewith or for the entry of judgment on any award made thereunder may be served upon such party (a) by mail addressed to such party or his attorney at his last known address or (b) by personal service, within or without the state wherein the arbitration is to be held (whether such party be within or without the United States of America); *provided that reasonable opportunity to be heard with regard thereto has been granted such party.''* (Emphasis supplied.)

Cellosilk did not appear at the above-mentioned hearing, either by representative or by counsel. On the same day as the hearing — March 24, 1952 — the arbitrators made an unanimous award in writing, which was duly acknowledged.

It is manifest from the foregoing that the entire arbitration proceeding was a *nullity.* No service of process in that proceeding was ever effected on Cellosilk, the Secretary of State of Illinois or Brown, the sole stockholder of Cellosilk. It is true that rule 39 of the Rules of the American Arbitration Association provided that all papers could be served upon any party to an arbitration agreement governed by its rules '' by mail addressed to such party * * * at his last known address ''. That rule also contained the proviso, however: '' provided that reasonable opportunity to be heard with regard thereto has been granted such party ''. Knowing prior to the arbitration hearing that the notices sent to Cellosilk by itself and Association had been returned unopened, and having learned or been put upon notice of the dissolution of Cellosilk, it cannot reasonably be said that Republique afforded Cellosilk a '' reasonable opportunity to be heard '' when it promptly directed the arbitration to proceed without further ado. Indeed, it must be held that by so proceeding Republique denied Cellosilk a right to which

it was entitled by the terms of the same contract which gave New York courts jurisdiction and gave consent to service by mail. The arbitration award having been thus procured in violation of the contract and of due process was null and void.

Thereafter, by a notice of motion dated March 26, 1952, Republique sought an order of the Supreme Court of this State confirming this null and void award and directing the entry of a money judgment thereon. In neither the notice of motion to confirm the award and direct entry of a money judgment thereon nor in the affidavit in support thereof did Republique make any mention to our Supreme Court of the fact that the notice of arbitration had been returned by the Post Office marked " out of business ". Neither did the notice of motion to confirm the award and to direct the entry of a money judgment make mention of the fact that the notice of motion had been mailed to Cellosilk's address in Barrington from which the former notices had been returned marked " out of business ", or of the fact that no notices of any kind had been sent to the Secretary of State of Illinois. The Supreme Court of this State, therefore, received no notice from Republique that there had been no jurisdiction obtained over Cellosilk in the arbitration proceedings or on the motion for confirmation of the award and entry of judgment. Cellosilk neither appeared nor submitted papers in opposition, and the motion to confirm the award was granted on April 14, 1952. Thereafter, on April 22, 1952, six days before the expiration of the Statute of Limitations of Illinois, Republique commenced a civil action in the United States District Court in Illinois (Northern District Eastern Division) against both appellants, Cellosilk and Brown, to recover the amount of the money judgment which had been entered upon the arbitration award.

On April 9, 1953, Cellosilk and Brown appeared specially before the Supreme Court of New York and moved for an order vacating and setting aside the order which confirmed the arbitration award and directed the entry of a money judgment " upon the grounds that the court had no jurisdiction to make such order or to direct entry of such judgment and that the notices of motion to confirm award and enter judgment and to settle order were not properly served on * * * [Cellosilk] ".

Special Term granted the motion. The Appellate Division unanimously reversed and the present appeal to this court is taken, as of right, from that reversal.

It is settled that an Appellate Division order which reverses an order vacating a final judgment and denies the motion to vacate is not a final order and, so, an appeal therefrom to this court does not lie as of right but only by permission of the Appellate Division (see Cohen and Karger, Powers of the New York Court of Appeals, p. 143 and cases there cited; Civ. Prac. Act, § 589, subd. 1, par. [a]). There is, on the other hand, an equally well-settled exception to this rule. Thus, an order denying a motion to vacate a final judgment is itself regarded as final where the motion to vacate has been made by a person not previously a party to the action or proceeding (see *United States Trust Co. of N. Y.* v. *Bingham,* 301 N. Y. 1; *Matter of Burdak,* 288 N. Y. 606). Where one has been named a party to the action or proceeding but jurisdiction over his person has not been obtained, he is to be regarded as a " third party " for the purposes of the finality rule. Here the judgment entered on the arbitration award runs against Cellosilk alone, although Republique has instituted suit in a Federal court in Illinois against Brown, the holder and sole distributee of the assets of Cellosilk, as well as against Cellosilk, seeking to recover the amount of said judgment. If Cellosilk is correct in its contention that the Supreme Court had no jurisdiction over its person, Cellosilk will be regarded as a " third party " for the purpose of this appeal, taken as of right, a reversal of the Appellate Division determination must follow and the judgment must be vacated. Since we agree that Cellosilk has established its contention we need not further discuss the status of Brown on this appeal or in the action now pending in Illinois in which he is a party.

Cellosilk was a foreign corporation — an artificial entity whose existence and powers depended upon the laws of the State of its incorporation. The general rule at common law where a corporation has been dissolved — whether it be by voluntary action, court decree, or expiration of its chartered life — is that all of its obligations cease and all actions against it abate. Thus, in *Title Co.* v. *Wilcox Bldg. Corp.* (302 U. S. 120, *supra*), a case involving a dissolved Illinois corporation,

the Supreme Court wrote at pages 124-125: "The decisions of this court are all to the effect that a private corporation in this country can exist only under the express law of the state or sovereignty by which it was created. Its dissolution puts an end to its existence, the result of which may be likened to the death of a natural person. There must be some statutory authority for the prolongation of its life, even for litigation purposes. [Citing cases]". Except as modified by specific statutes, the Supreme Court went on to state (302 U. S. 125), the law of Illinois follows the above-quoted general rule. There is such a survival statute in Illinois (1 Ill. Rev. Stat., 1949, ch. 32, § 157.94; Smith-Hurd Ill. Anno. Stat. [Perm. ed], p. 437). Before seeking an order of the Supreme Court of this State confirming the award and directing the entry of a money judgment against Cellosilk, Republique was under a duty to determine the exact legal status of Cellosilk and what, if any, actions or proceedings could be brought against it. It was incumbent upon Republique to make certain that the Supreme Court of New York had jurisdiction to enter the order confirming the award and directing the entry of the money judgment so that Cellosilk be not deprived of due process. Therefore, when the notices of demand for arbitration and the other correspondence were returned, Republique was under an obligation to determine the meaning of the notation "out of business". That inquiry must have disclosed the prior dissolution of Cellosilk, and the fact that it no longer was possible for Republique to send notices to that corporation by mailing them to its former office at Barrington. Despite this knowledge that no notice of any kind was being effected, Republique chose that same method of service for the notice of motion for an order confirming the arbitration award and directing entry of a money judgment thereon. The rule of the Arbitration Association which prescribed the manner for the service of the demand for arbitration also, by its terms, regulated the service of notices "for any court action in connection" with the arbitration. That rule, therefore, permitted the notice of motion to confirm the award and to direct entry of a money judgment to be mailed to the last known address of the party *provided* that a *reasonable opportunity* was given such party to be heard in opposition. If the notices of demand for arbitration and subsequent

correspondence had not been returned unopened and marked " out of business ", then it would not have been unreasonable for Republique to conclude that service of the notice to confirm the award and to direct the entry of a money judgment had been effected on Cellosilk. That, however, was not the case, for the notices, sent by mail to the last post-office address of Cellosilk by Republique and the Association were, as the Appellate Division found, returned unopened and marked " out of business ".

The method of service by which parties have agreed to be bound must be complied with according to the exact terms thereof in order that the requirements of due process be satisfied (*De Dood* v. *Pullman Co.*, 57 F. 2d 171; *Grover & Baker Mach. Co.* v. *Radcliffe*, 137 U. S. 287). It has been said that where a plaintiff has been given alternative methods for the service of process and notices upon his adversary, " the complainant is under a constitutional duty to select that alternative that is reasonably calculated to notify the adverse party. Stated negatively, the complainant may not select an alternative that he knows (or should know) will not notify the other party when he also knows (or should know) that one of the other alternatives, if selected, would notify the adverse party." (*People* v. *One 1941 Chrysler 6 Touring Sedan*, 81 Cal. App. 2d 18, 34; see, also, *Mouldings Div. of Thompson Inds.* v. *Review Bd.*, 122 Ind. App. 497). In the present case, Republique knew from its examination of the Illinois law that the Secretary of State of Illinois was the irrevocable, statutory agent for the service of process and notices in those instances where the same could not be served upon this corporation at Barrington. Service upon him would have been service upon the corporation within the two-year period expiring on April 28, 1952, within which an action or proceeding could be brought against Cellosilk and Brown following the dissolution of Cellosilk on April 28, 1950, provided that a " remedy [was] available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution ". (That proviso we do not reach here.) Although experience had shown Republique that it was impossible to serve Cellosilk in Barrington, nevertheless, the notice of motion to confirm the award and to enter

a money judgment thereon was sent to that address, and not to the Secretary of State of Illinois. That was not a bona fide compliance with the rule for service of process and notices '' for any court action '' by which the parties had agreed to be bound (rule 39 of the Rules of the Association, *supra*). It was, rather, a method of service *which Republique knew from the past would not give notice to its adversary* and would not give its adversary a reasonable opportunity to be heard in opposition. What the Supreme Court has said with regard to constructive service statutes is applicable with equal force here: '' No doubt there may be some extension of the means of acquiring jurisdiction beyond service or appearance, but * * * great caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact ''. (*McDonald* v. *Mabee*, 243 U. S. 90, 91.) It is only by closing our eyes to the facts and background of this case that we might possibly consider that mailing the notices of motion to confirm the award and to enter judgment to Cellosilk at Barrington, Illinois, would give the Supreme Court of New York jurisdiction over Cellosilk. The realities of the case dictate a contrary conclusion, and since the Supreme Court did not acquire the necessary in personam jurisdiction over Cellosilk, Cellosilk is to be regarded as a '' third party '' for the purposes of the finality rule and, as a matter of law, the order confirming the award and the judgment entered upon that order must be vacated.

The order of the Appellate Division should be reversed, and the order of Special Term reinstated, with costs in this court and in the Appellate Division.

DESMOND, J. (dissenting). Republique Francaise is entitled to its award since it met every requirement of contract and law for a valid arbitration. Particularly is this so since appellant Brown who now asserts that he at the time of the arbitration was and now is, the sole and actual owner of, and/or liquidator of, Cellosilk Manufacturing Company then in dissolution received but deliberately ignored full and timely notice of the arbitration hearing.

The contracts between Republique and Cellosilk, described in detail in Chief Judge CONWAY's opinion, called for deliveries

of the merchandise at the Port of New York. Both agreements recited that they were to be "governed by and construed according to the laws of the State of New York". In each agreement the parties covenanted to submit to arbitration all claims or controversies in accordance with the procedures of the American Arbitration Association. The later contract specified that any arbitration should be held in New York City and the courts below properly held that to cover both agreements. By the rules of the American Arbitration Association, incorporated into both contracts by reference, each party was deemed to have consented that all demands for, and notices of, arbitration and of court action for judgment or an award might be served by mail addressed to the other party "at his last known address". The address of Cellosilk in both agreements was given as "Barrington, Illinois"; there is no claim that Cellosilk ever had any other address, or that, until the first arbitration notices were sent by, and returned to, Republique, the latter knew that Cellosilk was out of business and no longer to be found in Barrington, Illinois. Despite its agreements that arbitration notices should be sent to its last known address, neither Cellosilk, which had meanwhile taken voluntary dissolution proceedings, nor anyone on its behalf, ever notified Republique, or American Arbitration Association, of any other or different address. Appellants' position comes to this: that, having sold and been paid for merchandise under such contracts, Cellosilk could unilaterally destroy all Republique's rights to arbitration simply by dissolving, discontinuing business and turning over its assets to its sole stockholder.

The argument that there was jurisdictional insufficiency in the service of notices by mail on Cellosilk is readily answered. Service by Republique of its demand for arbitration was made in exact conformity with the association's rules. Appellants concede, as they must, that Barrington, Illinois, was Cellosilk's last address. That fact could not be altered by Cellosilk's act of self-immolation. Much is made of the return to Republique of that notice, with the stamped legend "out of business". But what was Republique then supposed to do? Abandon its claim? It did what the association's rule 29 permitted it to do. It proceeded to arbitration despite "the absence

of any party, who, after due notice, fails to be present ''. But Republique did see to it that the association sent to appellant Brown, who says he is and then was the sole party in interest as to the dissolved or dissolving Cellosilk, a letter giving Brown fourteen days' notice of the time and place of the arbitration hearing. Brown ignored the letter, and the arbitration proceeded to an award. Wherein was there any lack of '' reasonable opportunity to be heard ''?

As to the service of notice of motion to confirm the award in Supreme Court, New York County, it does not seem to be disputed that this service, too (by mail to Cellosilk at Barrington, Illinois), complied exactly with the requirements of American Arbitration Association rule 29 (*supra*) as well as with section 1461 of the New York Civil Practice Act. The majority opinion in this court says that Republique had an obligation to investigate Cellosilk's status or location and to notify the Supreme Court as to its discoveries. We do not know of any such obligation.

The only obstacle found by Special Term (but denied by the Appellate Division) to confirmation of the award was the prior dissolution in Illinois of Cellosilk, an Illinois corporation. But Illinois, like New York, has a survival statute (Ill. Rev. Stat., 1953, ch. 32, § 157.94) by virtue of which corporate dissolution in Illinois does '' not take away or impair any remedy available to or against such corporation '', '' if action or proceeding is commenced within two years after the date of such dissolution ''. The confirmation of Republique's award was within two years after Cellosilk's dissolution. The Illinois statute does not require that such '' proceedings '' after dissolution be had in Illinois in order to be valid, and there was every reason here why this arbitration (which the parties had agreed should be held, and was held, in New York) should be the subject of confirmation proceedings in New York (see *Matter of Gantt* [*Hurtado & Cia.*], 297 N. Y. 433). Thus, there was a continuing '' remedy available '' to Republique in New York, and that remedy was in no way cut down or destroyed by the survival statute of Illinois, the State of Cellosilk's incorporation.

While we of the dissent are strongly of the opinion that the Appellate Division was correct, we must point also to a jurisdictional objection to entertaining this appeal. The arbitration

award was made against Cellosilk alone. The Appellate Division order sought to be appealed from denied a motion to vacate the previous confirmation of that award. Nothing is better settled as to our jurisdiction than that such an order, being nonfinal, is not appealable to this court without the Appellate Division's permission, which was not obtained here. That rule does not apply where the vacatur is sought by one not a party to the action or proceeding in which was made the determination sought to be vacated. But Cellosilk was a party to the confirmation proceedings and its status as a party therein is not altered or destroyed by its present contention that service on it was invalid. So the appeal of Cellosilk should be dismissed (Civ. Prac. Act, § 589, subd. 1, par. [a]).

Brown's appeal, too, should be dismissed for lack of jurisdiction. In the eyes of the law he, individually, is not a party aggrieved. The arbitration award did not run against Brown. In moving to vacate it, he could be heard as a liquidator or stockholder or representative, only, of Cellosilk. A stockholder has, as such, no standing to vacate a judgment against his corporation. Thus, since Cellosilk has no right to appeal here, neither has Brown.

The order should be affirmed, with costs, or the appeal dismissed, with costs.

FROESSEL, VAN VOORHIS and BURKE, JJ., concur with CONWAY, Ch. J.; DESMOND, J., dissents in an opinion in which DYE and FULD, JJ., concur.

Order reversed, etc.