46 N.J. Super. 92 (1957)
133 A.2d 714
UNION COUNTY U-DRIV-IT, A NEW JERSEY CORPORATION, PLAINTIFF,
v.
RALPH BLOMELEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 20, 1957.
*94 Messrs. Berkowitz & Lester, attorneys for plaintiff.
Messrs. Burton & Seidman, attorneys for defendant.
HUGHES, J.S.C.
Counsel have submitted this case to the court for its decision upon the merits based upon the factual record comprising the pleadings and evidence elicited by discovery, and upon briefs. The uncomplicated factual situation is this:
Plaintiff is in the business of renting out motor vehicles which, during the rental period, are in the possession, custody, control and use of the "renter" and it was under a contract describing this relationship that it rented a van to defendants on November 25, 1955. While being operated by the "renter" it was involved in an accident in Stonington, Connecticut, left the road and sustained extensive damage. Thereafter, the "renter" was charged with reckless driving in violation of the applicable motor vehicle statute of that state, pleaded "not guilty," and was convicted before a local justice of the peace in Connecticut and fined.
The suit presently brought is to recover from the "renter" the value of the damage to the vehicle. In the "standard Rental Agreement" prepared by the plaintiff and signed by the "renter," the latter is obligated to return the vehicle to the owner from which it was rented in good condition, except for ordinary wear and tear, by this clause of the agreement:
"(2) Renter agrees that he will return said vehicle to Owner's station from which it was rented, in the same condition as he received it, ordinary wear and tear excepted, on the return date stated above or sooner upon demand of Owner."
Under such agreement, the nature of the use of the vehicle is also limited by the following clause:
"(3) Renter agrees not to use said vehicle for the transportation of persons or property for hire, express or implied; not to use it in violation of any Federal, State, Provincial, or Municipal law, ordinance, *95 rule or regulation governing the use or return thereof; not to remove it from this state without the written consent thereto of Owner."
No point is made as to the locale of this accident, inasmuch as the removal of the vehicle from the State was apparently with the written consent of the owner, since the agreement specifies that the destination and place of the use is in a foreign state, requiring the traversing of the State of Connecticut.
The agreement further binds the "renter" to the following commitment:
"(6) Renter expressly agrees to pay to Owner on demand:

* * * * * * * *
(c) A sum equal to the cost of all damages to said vehicle during this rental period, provided, however, that renter's liability shall be limited to $100.00 unless vehicle was operated in violation of any of the provisions of this rental agreement."
The issue here, accordingly, deals with the interpretation of the limitation of liability in the immediately preceding paragraph and, specifically, whether damage inflicted upon the vehicle by operation which could be characterized as reckless driving in violation of a state motor vehicle code, constitutes a violation of the provisions of the rental agreement, which would negate the limitation of $100 upon the "renter's" liability.
The plaintiff projects as evidence of an alleged use in violation of subsection (3) above the conviction of the "renter" before the municipal justice in Connecticut upon the charge of reckless driving. Obviously, considered in a strict probative standard, such conviction does not establish the violation referred to in the trial of an issue separate and apart from the trial of such violation. An equivalent plea of guilty, of course, would be an inculpatory admission which would have such probative effect.
However, conceding arguendo that there is proof before the court (at least a semblance of proof which, were this proceeding equivalent to cross motions for summary *96 judgment, in which the courts are cautioned to grant relief sparingly (Battle v. The General Cellulose Company, Inc., 23 N.J. 538, Sup. Ct. 1957)), that the damages in this case occurred incident to use of the vehicle in such negligent manner as to amount to "reckless driving" within the intendment of the statute, I am inclined to think that the limitation of liability did continue to be effective. From an interpretation standpoint, the clause inhibiting the use of a vehicle in violation of law must be narrowly construed against the draftsman of the contract who has designedly relieved the "renter," by the liability limitation clause, of responsibility beyond $100 for damages occurring to the vehicle. This would undoubtedly include damages resulting to such vehicle due to negligence in use and such a liability limitation clause is obviously valid as against the argument that it has a tendency to induce want to due care. It is indicated in the briefs that the agreement deals separately with limitations as to "operation" of the vehicle on its reverse side and, among other things, forbids any such operation:
"(a) In violation of any of the terms of the rental agreement.
(b) By any person in violation of laws as to age or by a driver or renter who has given a fictitious name or false age or address.
(c) For any illegal purpose, in any race, speed test or contest; to propel or tow any vehicle or trailer or by any person while under the influence of intoxicants or narcotics.
(d) By any person other than the renter * * *."
Under well-known rules of interpretation, the specification of such forbidden types of operation negates the possibility that the parties intended to forbid other types of operation, such as reckless driving. The fact that certain forbidden types of operation are specified likewise militates against the possibility that the parties could have intended the limitations on "use" in subsection (3) above to contemplate an identity of meaning between "use" and "operation." Manifestly, as argued by the defendant, the clear intendment of the provision limiting use was to forbid the utilization of the vehicle for illegal purposes such as transportation of narcotics, perpetrating of robbery, or many other varieties of *97 uses condemned by criminal or regulatory law. In this sense, the agreement manifestly contemplates, as illustrating the intention of the parties, a separation in concept between the limitations upon "use" and limitations upon "operation."
This being so, the operation of the vehicle in such negligent manner as to constitute reckless driving under the motor vehicle code does not violate the provisions of the rental agreement any more than would a violation of a speed limitation. It was obviously not the intention of these parties, and the agreement does not mean that there would be left open, in derogation of the $100 limitation on liability, every question of operational infraction, particularly since, as stated, certain species of operational infractions are forbidden in the clauses above mentioned.
Accordingly, it is my view that the limitation of responsibility is effective under all of the circumstances established by the record and that judgment should be entered in favor of the plaintiff and against the defendant in the sum of $100, which liability is in effect confessed in the presentation of the defendant.
A form of order for judgment to such effect should be presented, on notice or on consent as to form.