117 N.J. Super. 125 (1971)
283 A.2d 766
DISTRICT 65, R.W.D.S.U., PLAINTIFF-APPELLANT,
v.
PARAMOUNT SURGICAL SUPPLY CO., PARAMOUNT SURGICAL SUPPLY CORP., AND PARAMOUNT SURGICAL SUPPLY CORP., A DIVISION OF ZENITH LABORATORIES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 12, 1971.
Decided November 17, 1971.
*126 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Nicholas Politan argued the cause for appellant (Messrs. Krieger, Chodash & Politan, attorneys; Mr. Lewis C. Stanley, on the brief).
Mr. David R. Simon argued the cause for respondent Paramount Surgical Supply Corp. (Messrs. Simon & Allen, attorneys; Mr. Richard B. Goldsmith, on the brief).
*127 The opinion of the court was delivered by CONFORD, P.J.A.D.
The issues in this appeal have been considerably simplified by appellant's warranted concession at oral argument that it is not entitled to judgment on the arbitrators' award. With conspicuous fairness, it concedes that respondents may have been misled by their interpretation of the opinion in John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), to believe they could with impunity abstain from participation in the arbitration proceedings although duly noticed to participate therein.
However, for future guidance, we here state our considered view that Battle v. General Cellulose Co., 23 N.J. 538 (1957), is controlling on the procedural issues presented and that Wiley is not in conflict with it.
Battle holds that when a party claims he has a contract with another calling for arbitration of disputes arising thereunder, and proceeds to invoke arbitration in the manner set forth in the alleged contract, there is no preliminary obligation on the demandant for arbitration first to go to court to compel the other party to participate. He may do so, but he is not compelled to. If he decides to proceed with the arbitration on the assumption that he has an agreement calling for it, then the opponent, who takes the position that there is no contract between them or that the dispute is not arbitrable, ignores notice of the arbitration proceeding at his peril of a later judicial determination that there was in fact a contract requiring arbitration of the dispute, and of being subjected to the award, even though he did not participate in the proceeding.
The foregoing does not mean that such a defendant waives his right to a judicial determination that he was under no contractual obligation to arbitrate. He may raise that issue in defense of an application by the demandant for entry of judgment on the award. But if he loses on that defense in court, he is obligated on the award. What he should have done if he wanted a judicial determination in *128 advance of the arbitration, under the rationale of Battle, is to have moved in court to stay the arbitration proceedings at the outset and in that proceeding to have obtained a judicial decision on the question of contractual obligation to arbitrate.
We do not regard the dictum in Wiley relied upon by respondents as being contrary to the foregoing. We need not intimate any view as to whether, if it were, it would, because involving a collective bargaining agreement, as here, have the force of overruling a state court decision construing a local arbitration statute. In Wiley, which was an action brought by a union pursuant to the Labor Management Relations Act to compel arbitration pursuant to a collective bargaining agreement, the court said:
The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty. * * * [376 U.S. at 547, 84 S.Ct. at 913 emphasis ours]
The decision in Battle does not, however, enforce compulsory submission to arbitration in advance of a judicial determination as to arbitrability. It merely places the onus on the opponent of the arbitration to go to court to resist it at the outset if the demandant proceeds with arbitration on a claim of right to do so. In our opinion a contrary view would, on the whole, seriously impair the usefulness of the arbitration concept, whether in labor contracts or otherwise.
The trial court here held that further judicial proceedings for the determination of arbitrability should be had in the framework of a new plenary action rather than in the context of the pending action to enforce the award, brought pursuant to N.J.S.A. 2A:24-1 et seq. It consequently dismissed the action. We think this ruling does not accord with Battle, supra. It is there stated, in effect (23 N.J. at 543-544), that the issue of arbitrability may be decided, at the instance of the objector to arbitration, in *129 the statutory proceeding to enforce the award. Although such a proceeding is ordinarily summary in nature, there is no reason why the court cannot adapt the procedure to allow for any prehearing discovery, etc., which might be appropriate, statement of the issues by the parties, and the taking of testimony if necessary. A new plenary action for resolution of the issues is not necessary, and to wait for its institution entails needless delay.
We consequently reverse the order of dismissal and remand for further proceedings in the N.J.S.A. 2A:24-1 et seq. action, but without costs. Pursuant to the concession at oral argument, we expressly direct that, in the event the dispute is determined to be arbitrable, a new arbitration shall be conducted.