FAIRFIELD LEASE CORPORATION *v.* WINDSOR COIN OP, INC., ET AL.

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE No. 101516

Memorandum filed March 24, 1972

*Davidson & Chambliss,* of Westport, for the plaintiff.

*Fannie Himmelstein,* of Hartford, for the named defendant.

*Friedman, Friedman & Friedman,* of Hartford, for the defendant Hartford National Bank.

McGUINNESS, J. The plaintiff, assignee of a lease agreement between U-Vend, Inc., and the defendants, brings this action on a New York judgment obtained on November 13, 1969, in the amount of $7480.75. The defendants have filed defenses claiming that they were never served with process nor did they ever make an appearance, either in person or through an attorney, in the New York action.

Paragraph 22 of the lease agreement provides as follows: "22. This agreement shall be deemed to have been made in the State of New York, regardless of the order in which the signatures of the parties shall be affixed hereto, and shall be interpreted, and the rights and liabilities of the parties here determined, in accordance with the laws of the State of New York, and as part of the consideration for the lessor's executing this lease, lessee hereby agrees that all actions or proceedings arising directly or indirectly from this lease shall be litigated only in Courts having situs within the State of New York, and Lessee hereby consents to the jurisdiction of any local, State or Federal court located within the State of New York and waives the personal service of any and all process upon Lessee herein, and consents that all such service of process may be made by certified or registered mail, return receipt requested, directed to the Lessee at the address hereinabove stated; and service so made shall be complete two (2) days after the same shall have been posted as aforesaid."

There is no dispute that the defendants were served by registered mail, return receipt requested, and that they had notice of the pendency of the action.

There is ample authority that parties to a lease agreement or contract may consent to the jurisdiction of another court and agree upon the type of notice to be given in the event of litigation.

In *De Dood* v. *Pullman Co.*, 57 F.2d 171, the United States Court of Appeals for the second circuit held: "If a court has jurisdiction over the subject-matter of a controversy, it may acquire jurisdiction over the person of a defendant by his consent as well as by its own lawful process. Such consent may be given in various ways (see 44 Harv. L. Rev. 1276, note 2,

and cases there cited) and may be subject to conditions; for example, a person beyond the territorial boundaries of a court may agree to submit himself to its jurisdiction provided notice of suit or a summons shall be there served upon him. If the condition put upon his consent is complied with, judicial opinion holds that he is regularly before the court, although such service, in the absence of consent, would be wholly ineffectual. See Gilbert v. Burnstine, 255 N.Y. 348, 355 . . . ; Wilson v. Seligman, 144 U.S. 41, 44 . . . ; Grover & Baker Sewing Mach. Co. v. Radcliffe, 137 U.S. 287, 298 . . . ."

*Gilbert* v. *Burnstine,* 255 N.Y. 348, 355, quoted with approval from Scott, Fundamentals of Procedure, pp. 39–41: " '. . . Jurisdiction is conferred when the defendant enters a general appearance in an action, that is, an appearance for some purpose other than that of raising the objection of lack of jurisdiction over him. A stipulation waiving service has the same effect. The defendant may, before suit is brought, give a power of attorney to confess judgment or appoint an agent to accept service, or agree that service by any other method shall be sufficient. The defendant in all these cases has submitted to the control of the state and of the court over him.' "

In *National Equipment Rental, Ltd.* v. *Szukhent,* 375 U.S. 311, 315, a case involving service on an agent, the court said: "And it is settled, as the courts below recognized, that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether. See, *e. g., Kenny Construction Co.* v. *Allen,* 248 F.2d 656 . . . ; *Bowles* v. *Schmitt & Co., Inc.,* 170 F.2d 617 . . . ."

In *Emerson Radio & Phonograph Corporation* v. *Eskind,* 32 Misc. 2d 1038, 1039, the court held: "It

was the constitutional privilege of defendant, a non-resident, to remain immune to process of this State had it elected to do so, since it was not doing business here. By the same token, it could waive that privilege in its contract with a domestic corporation and consent to New York as a forum for determination of issues involving a possible money judgment. It would hardly be disputed that it could waive the question of jurisdiction by a general appearance. It has been well stated that such nonresident may make such waiver no less before than after the commencement of the proceedings and consent that a State exercise jurisdiction over him. *(Wilson* v. *Seligman,* 144 U.S. 41, 44; *De Dood* v. *Pullman Co.,* 57 F.2d 171; *Pope* v. *Heckscher,* 266 N.Y. 114, 117; *Gilbert* v. *Burnstine,* 229 App. Div. 170; 255 N.Y. 348). Consent jurisdiction is not violative of due process. More particularly is this true where the method provided by the terms of the consent is reasonably calculated to give the party notice so that he may be afforded the opportunity of being heard. The defendant, having recognized the validity of the agreement with a domestic corporation by operating under or within its terms, shall not now be permitted to repudiate its consent provision because the contingency of litigation foreseen and provided for has become a reality."

It is clear from the cases set forth above that there is no question that the parties to an agreement can set their own rules for service and for submission to jurisdiction of the court, and the Supreme Court of the United States and the Court of Appeals of New York have approved this method of obtaining jurisdiction over the defendant.

The Connecticut case most nearly in point is *Samson* v. *Bergin,* 138 Conn. 306. In that case the plaintiffs, residents of New York, entered into a contract

with the defendant, a resident of Connecticut, for the sale of fabric to be used in the manufacture of clothing. The contract contained an arbitration clause but was silent as to the place of the hearing. When the defendant failed to make the agreed deliveries, the plaintiffs invoked the clause and, in accordance with the rules of the American Arbitration Association, notified the defendant of a hearing in New York. He did not appear, and ultimately a judgment was rendered against him in New York and suit was brought thereon in Connecticut. The court, reversing the trial court, held that the judgment was void because (p. 311) "there was no express consent given by the defendant to arbitrate in New York and thus to subject himself to the courts of that state." Implicit in the decision is the recognition of the concept that if the court has jurisdiction of the subject matter jurisdiction of the person may be obtained by consent of the parties.

Judgment may enter for the plaintiff in the amount of $7480.75.